* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Glenn, with modifications.
 * * * * * * * * * * * RULING ON DEFENDANTS MOTION TO STRIKE PLAINTIFF'S SUBMISSION OF CERTIFICATE OF DEATH
The plaintiff's counsel, in his brief to the Full Commission, attached the plaintiff's certificate of death, which listed "asbestosis" as a cause of death. The defendants object to the submission of the certificate of death because it was neither admitted into evidence nor stipulated to by the parties, and because it was submitted for the purpose of arguing to the Full Commission that the plaintiff's death was in fact caused by asbestosis. The Full Commission, in its discretion, GRANTS the defendants motion and, thus, declines to accept the certificate of death as new evidence in this matter. The Full Commission's decision in this matter, as provided herein, is based upon the evidence of record as it existed before the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement, at the hearing, and by post-hearing agreement as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. This matter was previously heard by the Full Commission, with it issuing an Opinion and Award dated September 2, 2003. The Full Commission remanded this matter for a hearing to determine the disability suffered by the plaintiff as a result of his compensable occupational asbestosis.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. The plaintiff was initially seen and treated by Dr. Frederick U. Vorwald on June 24, 1996. Thereafter, Dr. Vorwald continued to see the plaintiff for health maintenance. Beginning in April 1998, while the plaintiff was recovering from bilateral pneumonia, Dr. Vorwald began treating the plaintiff for problems that he was suffering as a result of having contracted asbestosis.
2. Dr. Vorwald noted that the plaintiff's condition gradually worsened to the point that plaintiff had to have oxygen while walking. As the plaintiff's condition got worse, Dr. Vorwald ordered CAT scans and other tests to be performed and indicated that the plaintiff's condition was deteriorating as time passed. Dr. Vorwald found that the plaintiff suffered from shortness of breath when he walked or did exercise. Dr. Vorwald was of the opinion that the plaintiff's disability caused by his breathing problems was a result of asbestosis and was not caused by the plaintiff's history of smoking.
3. On December 3, 1999, the plaintiff underwent a panel examination with Dr. Robert Rostand, who is board-certified in internal medicine and pulmonary medicine, and has been a panel physician with the Industrial Commission since 1978. Dr. Rostand conducted a physical examination of the plaintiff and reviewed his medical records. Dr. Rostand concluded:
 [The plaintiff] has classic asbestos-related disease of lung and pleura as manifested by the changes on chest x-ray and high resolution CT scan of the chest. It is this examiner's opinion that the proximate cause of these changes was his occupational exposure to asbestos while employed by Southern Flooring and Acoustical.
As to disability, Dr. Rostand found:
 At the present time, I believe all of [the plaintiff's] physical impairment is on the basis of his occupational pulmonary disease. It is not anticipated that he will return to gainful employment.
Thus, the Full Commission finds that the plaintiff suffered from asbestosis as a result of his employment with the defendant-employer, and that the plaintiff was permanently and totally disabled as of December 3, 1999, the date of the panel examination by Dr. Rostand. Though the Deputy Commissioner found the plaintiff to have been permanently and totally disabled as of his date of retirement in 1995, the Full Commission finds that, prior to Dr. Rostand, no physician had stated that plaintiff was not capable of work in any capacity.
4. The plaintiff was also seen and treated by Dr. Sever Surdulescu, a specialist in pulmonary and critical care. Dr. Surdulescu first saw the plaintiff in September 2003, and continued to treat the plaintiff's asbestosis, progressive shortness of breath, and dyspnea. Dr. Surdulescu noted that the plaintiff experienced increased shortness of breath with exertion. Dr. Surdulescu also noted that during the time he treated the plaintiff, his pulmonary fibrosis worsened. Additionally, Dr. Surdulescu noted that the plaintiff had severe impairment in his daily activities due to his incapacity to breathe when he exercised.
5. It is Dr. Surdulescu's opinion that it would have been difficult, if not impossible, for the plaintiff to do any job that required any amount of physical activity, but thought that the plaintiff could engage in sedentary activity that would not require any amount of exertion. Dr. Surdulescu, like Dr. Vorwald, was of the opinion that the plaintiff's disability caused by his breathing problems was a result of his asbestosis and was not caused by his history of smoking.
6. The plaintiff had not worked since 1995, when he stopped working because his breathing problems prevented him from performing his job duties. The Full Commission finds that the medical evidence of record shows that the plaintiff's asbestos-related pulmonary condition continued to deteriorate until the time of his death.
7. The Full Commission finds that the plaintiff was permanently and totally disabled as of December 3, 1999, the date of the panel examination by Dr. Rostand, and his condition continued to worsen until his death on May 9, 2005. The deposition testimonies of Dr. Vorwald and Dr. Surdulescu, plaintiff's treating physicians, support Dr. Rostand's finding that the plaintiff was permanently and totally disabled as of December 3, 1999.
8. The plaintiff's Social Security records reflect that in his last full year of employment he earned $37,535.00, which yields an average weekly wage of $721.83 and a weekly compensation rate of $481.24. This amount is less than the maximum compensation rate for 1999, the year in which the plaintiff has been found to be permanently and totally disabled.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSION OF LAW
As a result of the plaintiff's asbestosis, a compensable occupational disease, the plaintiff is entitled to permanent and total disability compensation at the weekly rate of $481.24 from December 3, 1999, the date of the panel examination by Dr. Rostand, through his death on May 9, 2005. N.C. Gen. Stat. §97-29.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. The defendants shall pay to the plaintiff's estate permanent and total disability benefits at the weekly rate of $481.24 from December 3, 1999, the date of the panel examination by Dr. Rostand, through the plaintiff's death on May 9, 2005, subject to the attorney's fee provided herein. Because this compensation has accrued, the defendants shall pay the plaintiff's estate in a lump sum.
2. The defendants shall pay to the plaintiff's counsel a reasonable attorney's fee in the amount of twenty-five percent (25%) of the compensation awarded herein. Because these fees are based upon compensation that has accrued, the defendants shall pay the plaintiff's counsel in a lump sum.
3. The defendants shall pay the costs of this action.
This 19th day of January 2006.
 S/_________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_____________________ BERNADINE S. BALLANCE COMMISSIONER
 S/________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER